JOHN TAFT AND ANN TAFT, APPELLANTS, *v.* IRVING J. STEINBERG AND SEYMOUR SCHWARTZ, RESPONDENTS.

No. 13386

December 17, 1981                              637 P.2d 533

---

*David Goldwater* and *Gary E. Schnitzer,* Las Vegas, for Appellants.

*Rogers, Monsey, Woodbury & Berggreen,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The Tafts appeal from an order of the district court dismissing with prejudice their claim against respondents. It is undisputed that the district court's decision was made, and the order of dismissal entered, before the completion of the plaintiffs' case in chief. NRCP 41(b) provides that dismissal under the rule may be ordered only after the completion of the plaintiff's case. The district court was not authorized under NRCP 41(b) to dismiss the action without hearing all of the plaintiffs' evidence.[1]

Respondents contend that appellants cannot seek reversal because no offer of proof was made as to what the remainder of plaintiffs' evidence was. NRCP 43(c). The record demonstrates that the evidence in the remainder of plaintiffs' case was not excluded because of the objection of respondents to any question, NRCP 43(c), but was foreclosed by the district court's premature ruling on respondents' pending motion to dismiss. NRCP 41(b). Under these circumstances, NRCP 43(c) is not applicable. *See* United States v. Barash, 365 F.2d 395 (2d Cir. 1966), *cert. denied,* 396 U.S. 832 (1969). Greatreaks v. United States, 211 F.2d 674 (9th Cir. 1954) (erroneous ruling limiting issues to be tried and excluding evidence relieves party of duty of making offer of proof).

The order of the district court is reversed and the case is remanded for further proceedings.

---

[1]There is no suggestion that the plaintiffs' complaint failed to state a claim upon which relief could be granted. NRCP 12(b)(5).